UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEONARD I. HOWARD                )
                                 )
        Plaintiff,               )
                                 )
                                 )
    v.                           )    Civil Action No.: 07-1291 (CKK)
                                 )
ADRIAN M. FENTY, MAYOR FOR THE   )
DISTRICT OF COLUMBIA, et al.     )
                                 )
        Defendants.              )
_____)

## DEFENDANTS' MOTION TO DISMISS
## OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Adrian M. Fenty, Mayor for the District of Columbia ("Mayor Fenty"), Natwar M. Gandhi ("Gandhi"), Barbara Jumper ("Jumper"), Mohamed Mohamed ("Mohamed"), and Robert Jose ("Jose"), by and through undersigned counsel, pursuant to Fed. R. Civ. 12(b)(6), 8(a)(2), 8(e)(1), and 56(c) moves this Honorable Court to dismiss the complaint with prejudice as against these Defendants on the grounds that the complaint fails to state a claim upon which relief can be granted and Plaintiff has failed to name a proper defendant. The bases for this motion are:

1. Plaintiff's claims of age, race and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") are barred by plaintiff's failure to comply with the pre-litigation requirements set forth in said Title and the ADA.

2. Plaintiff failed to exhaust his administrative remedies under Title VII.

3. Plaintiff failed to state a *prima facie* claim of discrimination under Title VII and the ADA.

4.      Title VII and the ADA do not authorize suits against individual employees.

5.      Plaintiff failed to provide a short, plain statement of his claim showing that he is entitled to relief and failed to plead simple, concise, and direct averments in his complaint. Instead, the complaint is replete with redundant, immaterial, and impertinent matter.

6.      For reasons more fully set out in the attached Memorandum of Points and Authorities attached hereto and made a part hereof.

This is a contested motion. The Court should anticipate an opposition.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS[1]
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6539; 202-727-3625

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEONARD I. HOWARD         )
                                       )
        Plaintiff,           )
                                       )
       v.                          )      Civil Action No.: 07-1291 (CKK)
                                       )
ADRIAN M. FENTY, MAYOR FOR THE )
DISTRICT OF COLUMBIA, et al.     )
                                       )
        Defendants.     )
_____)

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

### *Preliminary Statement*

Plaintiff filed the instant complaint, *pro se*, alleging discrimination and retaliation in connection with his termination from employment as a Financial Manager with the District of Columbia Office of the Chief Financial Officer (OCFO). See complaint. Plaintiff avers that he was injured on the job, was placed on leave without pay, and was terminated because the OCFO could not accommodate his medical condition. See complaint. Plaintiff was terminated from his employment effective March 13, 2006. See complaint. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2006. See Charge of Discrimination attached as Defendants' Exhibit #1. The EEOC charge specified that the Plaintiff was discriminated upon based on his disability under the ADA. See Notice of Charge of Discrimination attached as Defendants' Exhibit #2. On April 18, 2007, Plaintiff was notified of his right to sue. See complaint. This case was filed on July 19, 2007 – 92 days after Plaintiff was notified of his right to sue. Plaintiff has attempted to style a claim for age, race, and gender discrimination under Title VII and a claim for disability discrimination under the ADA.

As is more fully set forth below, the complaint should be dismissed for failure to state a claim upon which relief can be granted, failure to name a proper defendant, and failure to adhere to Fed. R. Civ. 8(a)(2), 8(e)(1), and 56(c).

### *Argument*

**I.    The Legal Standard.**

    **A.    Dismissal for failure to state a claim.**

While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted). *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

**B.    Summary Judgment.**

Fed. R. Civ. 56(c) provides that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Once a movant for summary judgment has made the required showing under the rule, the burden shifts to the opposing party to show the existence of an issue of material fact. Nader v. de Toledano, 408 A.2d 31 (DC App. 1979), cert. denied, 444 US 1078 (1980). A motion for summary judgment should be granted unless the party opposing the motion counters the factual allegations with specificity. Miller v. American Coalition of Citizens With Disabilities, Inc., 485 A.2d 186 (DC App. 1984).

The United States Supreme Court has held that in the case of a motion for summary judgment the burden is not on

> the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by

> 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.

Celotex Corporation v. Catrett, 477 US 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

On the state of the record in the instant case, plaintiff can produce no evidence of any conduct by any of the individual defendants that constituted discrimination or retaliation under Title VII. It appears from the complaint that Plaintiff is suing for race, age, and gender discrimination. However, as discussed below, Plaintiff's Title VII claims must fail, as a matter of law, and the defendants are entitled to judgment in their favor.

**II.      Plaintiff failed to exhaust his administrative remedies under Title VII.**

Judgment should be entered against Plaintiff on his Title VII claims because Plaintiff never presented claims of age, race or gender discrimination under Title VII to the Equal Opportunity Employment Commission, a prerequisite to filing a lawsuit under the statute. It is well-settled that available administrative remedies must be exhausted before a party may resort to judicial relief. *Dano Resource Recovery v. District of Columbia*, 566 A.2d 483, 485 (D.C. 1989), *aff'd*, 620 A.2d 1346 (D.C. 1993), *cert. denied*, 510 U.S. 931 (1993); *see also McKart v. United States*, 395 U.S. 185, 195 (1969); *Coalition for the Preservation of Hispanic Broadcasting v. F.C.C.*, 289 U.S. App. D.C. 228, 931 F.2d 73 (1991); *Ticor Title Ins. Co. v. F.T.C.*, 259 U.S. App. D.C. 202, 209-215, 814 F.2d 731, 738–743 (1987). The exhaustion doctrine is premised on several policy considerations, including the promotion of judicial economy by allowing an administrative forum with specialized knowledge to resolve issues and thereby possibly eliminate the need for further judicial action on those issues. *See New York Ophthalmological Society v. Bowen* 272 U.S. App. D.C. 170, 854 F.2d 1379, 1387 (1988).

Moreover, even if the administrative tribunal's resolution of the dispute does not eliminate the necessity for further judicial review, adherence to the exhaustion doctrine allows the Court to benefit from the application of agency expertise on the issues and ensures development of an administrative record as an efficient basis for later judicial action. *Coalition for the Preservation of Hispanic Broadcasting v. F.C.C.*, 931 F.2d at 77; *Barnett v. District of Columbia Dept. of Employment Services*, 491 A.2d 1556, 1160 (D.C. 1965).

Plaintiff never presented a claim or charge of discrimination on the basis of race, age, or gender to the EEOC. See Charge of Discrimination attached as Exhibit #2. His only charge was based on disability under the ADA. See Charge of Discrimination attached as Exhibit #2. The EEOC, therefore, was not provided the opportunity to investigate and adjudicate a discrimination claim based on Plaintiff's race, age, or gender. Plaintiff's failure to exhaust his administrative remedies as it relates to his Title VII claims means that, at the very least, his race, age, and gender Title VII claims are not ripe for review and should be dismissed.

### III. **Plaintiff failed to file his claim within the statutorily mandated 90 days after being notified of his right to sue.**

In McDonnell Douglas Corp. v. Green, 441 U.S. 792, 198 (1973), the Supreme Court noted the two "jurisdictional prerequisites" to a Title VII action: "filing timely charges of employment discrimination with the [EEOC] and . . . receiving and acting upon the Commission's statutory notice of the right to sue." Id. Thus, a person who wishes to file a lawsuit under Title VII (or the ADA) must file their complaint within ninety days from receipt of the EEOC's "right to sue" letter. 42 U.S.C. § 2000e-5(f)(1); *Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C. 1997). In the case before this court, Plaintiff avers in his complaint that he was notified by the EEOC on April 18,

2007 of his right to sue. See complaint. This lawsuit was filed on July 19, 2007 – ninety two days after Plaintiff received the aforementioned notice. Plaintiff's suit was filed two days too late and must be dismissed as untimely.

**IV.    Plaintiff has failed to state a *Prima Face* case of discrimination under Title VII or the ADA.**

In McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), the Supreme Court set out the test for determining whether a plaintiff has made out a *prima facie* case of employment discrimination in Title VII cases. The courts have interpreted this test in several different ways but all may be summarized as follows:

> In federal employment cases, our decisions require plaintiffs to satisfy the first step of the *McDonnell Douglas* test by showing that they have been subjected to some sort of adverse personnel or employment action. Thus, to state a prima facie claim of disparate treatment discrimination, the plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.

*Brown v. Brody*, 339 U.S. App. D.C. 233 (1999) citing *McKenna v. Weinberger*, 234 U.S. App. D.C. 297, 729 F.2d 783, 788 (D.C. Cir. 1984).

The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *See McDonnell Douglas* 411 U.S. 792. Thereafter the employee's burden is to show that the employer's stated reason for the termination was in fact pretext. See Id.

In the instant case, Plaintiff makes a broad, unsupported allegation that his termination from employment with the OCFO was discriminatory, based on his age, race, gender, and disability. Plaintiff's complaint attempts to make out a claim that he was terminated because of his medical condition and, in fact, Plaintiff avers that Defendant Winn, the Director of Human

Resources for OCFO, indicated to the Plaintiff that there were no positions he could fill based on his medical restrictions. In his charge of discrimination to the EEOC Plaintiff did not allege that he was terminated because of his race, age, or gender. Plaintiff has failed to establish, or even aver, that the OCFO's legitimate nondiscriminatory reason for his termination, that there were no positions which could accommodate his medical condition, was pretext. The result is that the plaintiff has failed to state a *prima facie* claim of discrimination, and his complaint should be dismissed.

### V.    Plaintiff's Title VII and ADA claims against the Defendants must be dismissed because individuals are not liable under Title VII or the ADA.

Plaintiff's case should be dismissed against all the defendants because neither Title VII nor the ADA authorizes suits against individual employees. The clear majority of the courts of appeals that have considered this question have held that individual employees cannot be held liable under Title VII. *Wallace v. Skadden, Arps, Slate, Meagher, Flom*, 715 A.2d 873, 889 (D.C. App. 1998); *Gary v. Long*, 313 U.S. App. D.C. 403, 59 F. 3d 1391 (1995). Plaintiff has sued Defendants Mayor Adrian Fenty, Mr. Gandhi, Mr. Morris Winn[2], Ms. Jumper, Mr. Mohamed, and Mr. Jose individually. There is no provision for individual liability under Title VII. Therefore, Plaintiff's claims against the defendants under Title VII and the ADA should be dismissed.

---

[2] At the time of the acts alleged in Plaintiff's complaint, Morris Winn was the Human Resources Director for the OCFO. He is no longer an employee of that office. Service was attempted upon Mr. Winn by certified mail at the OCFO. This service was improper as it was not accepted or signed by Mr. Winn or his authorized agent. Notwithstanding that, the arguments made on behalf of Defendants Fenty, Gandhi, Jumper, Mohamed, and Jose also apply to Mr. Winn.

## VI. Plaintiff has failed to comply with Fed. R. Civ. Pro. 8(a)(2) and Rule 8(e)(1).

Rule 8 (a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise, and direct." The purpose of these rules is to give fair notice of the claim being asserted so that the defendant will have an opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citations omitted).

Plaintiff's complaint is not only unclear, but also includes a number of paragraphs containing information that is entirely irrelevant and impertinent. For example, the last paragraph on the third page attempts to outline several statutes cited in the complaint and define terms in those statutes. In *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977), this court dismissed a pro se complaint with prejudice because it was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies." In that case, the court noted that the complaint contained "an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Brown*, 75 F.R.D. at 499. The same conclusion may be drawn from the instant complaint. It does not contain a short, plain statement of Plaintiff's claim showing that he is entitled to relief. Plaintiff has failed to plead simple, concise, and direct averments in his complaint giving the Defendants notice of the claim, the ability to file a responsive pleading, and prepare an adequate defense. Therefore, it must be dismissed.

### *Conclusion*

Based upon the foregoing, it is respectfully submitted that the plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted, failure to name a proper defendant, and failure to adhere to Fed. R. Civ. 8(a)(2), 8(e)(1). In the alternative, Defendants are entitled to judgment as a matter of law pursuant to Fed. R. Civ. 56(c).

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

/s/ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6539; 202-727-3625

### CERTIFICATE OF SERVICE

This certifies that on this 1st day of November, 2007, a true and correct copy of the foregoing Motion to Dismiss or in the Alternative, for Summary Judgment, was mailed first class, postage prepaid, to:

Leonard I. Howard
4810 7th Street N.E.
Washington, D.C. 20017
Pro Se

\s\ Darrell Chambers
DARRELL CHAMBERS

CERTIFICATE PURSUANT TO LOCAL RULE 12-I

I hereby certify that I contacted plaintiff, Leonard Howard, on the 30th day of October, 2007, to request his consent to dismiss the complaint, however, he opposed the dismissal.

\s\ Darrell Chambers
DARRELL CHAMBERS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEONARD I. HOWARD | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 07-1291 (CKK) |
| ADRIAN M. FENTY, MAYOR FOR THE DISTRICT OF COLUMBIA, et al. | ) |
|     Defendants. | ) |

**DEFENDANTS' STATEMENT OF MATERIAL UNDISPUTED FACTS**

1. Plaintiff notified the OCFO that he sustained an injury on the job in April of 2004.

2. Plaintiff was separated from employment effective March 13, 2006.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission on April 4, 2006.

4. The EEOC charge specified that the Plaintiff was discriminated upon based on his disability under the Americans with Disabilities Act.

5. On April 18, 2007, Plaintiff was notified of his right to sue.

6. This case was filed on July 19, 2007, 92 days after Plaintiff was notified of his right to sue.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South
Washington, D.C. 20001
202-724-6539; 202-727-3625

\s\ Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, General Litigation Sec. I

\s\ Darrell Chambers
DARRELL CHAMBERS
Assistant Attorney General
441 4TH Street, N.W., 6th Floor South

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 570-2006-00819 |

D.C. Office Of Human Rights _and EEOC_
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Leonard I. Howard | (301) 996-9698 | 02-09-1950 |

Street Address | City, State and ZIP Code
4810 7th Street N.E., Washington, DC 20017

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DC OFFICE OF CHIEF FINANCIAL OFFICER | 500 or More | (202) 442-6523 |

Street Address | City, State and ZIP Code
941 North Capitol Street, N.E., Suite 1200, Washington, DC 20002

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | Earliest: 03-13-2006  Latest: 03-13-2006<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In 1986, I began employment for the above named Respondent and recently held the position of Financial Manager. In April 2004, the Respondent placed me on Leave Without Pay (LWOP), due to an on the job injury that I incurred. On December 6, 2004, Respondent sent me a letter stating that it had been determined that I had abandoned my position. On December 10, 2004, I responded and requested the Respondent find a suitable position for me "light of my current physical disabilities and medical conditions." Respondent did not accommodate me and required that I submit a medical status update, every three to four months. I did comply with this request until January 9, 2006, when I received Respondent's letter requesting information if I intended to return to work and the status of my medical condition by January 25, 2006, or I would be terminated. On January 24, 2006, I faxed to the Director of Human Resources, Morris X. Winn, medical documentation and a request for reasonable accommodation to enable me to return to work in a light duty status. In February 2006, I spoke with Mr. Winn to confirm receipt of faxed medical documents and was told he couldn't see any position that I could perform based on my medical restrictions. On March 29, 2006, I received Respondent's letter dated March 13, 2006, informing me that I was terminated effective March 13, 2006. Respondent did not explore reasonable accommodations nor was I considered for any comparable positions.

I believe that I was discriminated against because of my disabilities and denied reasonable accommodation, in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Apr 04, 2006        _Leonard I. Howard_<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS<br>(month, day, year) |

DEFENDANT'S EXHIBIT #1

EEOC FORM 131 (5/01) **U.S. Equal Employment Opportunity Commission**

| | |
|---|---|
| Ms. Robin Hall-Evans<br>Personnel Mgt. Specialist<br>D.C. DEPARTMENT OF Personnel<br>441 4th St., N.W., St. 340N<br>Washington, DC 20001 | **PERSON FILING CHARGE**<br>**Leonard I. Howard**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>570-2006-00819 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act         [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

*(stamp: 2006 AUG -4 PM 3:11 OCFO-OMA Human Resources)*

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **18-MAY-06** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **03-MAY-06** to **John Woods, ADR Coordinator, at (202) 419-0727**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Tracy Smalls, Secretary | Washington Field Office - 570 |
|---|---|
| EEOC Representative | 1801 L Street, N.W.<br>Suite 100 |
| Telephone (202) 419-0734 | Washington, DC 20507 |

*(stamp: DEFENDANT'S EXHIBIT #2)*

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Apr 18, 2006 | Dana Hutter, Director | *Dana R. Hutter* |

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEONARD I. HOWARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-1291 (CKK) |
| | ) | |
| ADRIAN M. FENTY, MAYOR FOR THE | ) | |
| DISTRICT OF COLUMBIA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

Upon the motion of Defendants and pursuant to Rules 12(b)(6), 8(a)(2), 8(e)(1), and 56(c) of the Federal Rules of Civil Procedure, and any opposition thereto by the Plaintiff, it is this ___ day of _____, 2007

ORDERED that the Defendants' motion be, and it is hereby GRANTED;

FURTHER ORDERED that Judgment is entered against the Plaintiff and in favor of Defendants Fenty, Gandhi, Jumper, Mohamed, and Jose on Plaintiff's claims alleging violations of Title VII of the Civil Rights Act of 1964;

FURTHER ORDERED that the Plaintiff's complaint is dismissed with prejudice.

_____
United States District Judge

SERVE:

Leonard I. Howard
4810 7th Street N.E.
Washington, D.C. 20017