UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD I. HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ADRIAN M. FENTY, Mayor for the District of Columbia, *et al.*,<br><br>    Defendants. | Civil Action No. 07-1291 (CKK) |

MEMORANDUM OPINION
(September 29, 2008)

Proceeding *pro se*, Plaintiff Leonard I. Howard, a former Financial Manager employed by the District of Columbia, has filed suit against Adrian M. Fenty, the Mayor of the District of Columbia, and five additional District of Columbia officers and employees (collectively, "Defendants"). Plaintiff alleges that he was discriminated against on the basis of age, race, gender, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and denied reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendants filed the instant [3] Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Plaintiff filed an Opposition, and Defendants did not file a Reply.[1] After a thorough review of the parties' submissions, applicable

---

[1] Although Defendants styled their Motion in the alternative, the Court shall construe Defendant's submission as a Motion to Dismiss and not as a Motion for Summary Judgment. All of the arguments in the Motion are legal arguments appropriate for a Motion to Dismiss. Additionally, although Defendants submitted a Statement of Undisputed Facts in support of their Motion, the six facts contained therein are related to Defendants' legal arguments, and are not accompanied by any citations to record evidence, as is required for purposes of a Motion for Summary Judgment under Local Civil Rule 7(h)(1).

case law, statutory authority, and the entire record of the case as a whole, the Court shall GRANT-IN-PART and DENY-IN-PART Defendants' [3] Motion to Dismiss, for the reasons that follow.

## I. BACKGROUND

Plaintiff's Complaint alleges that he began working for the District of Columbia in 1986 and most recently held the position of Financial Manager. Compl. at 2.[2] In June 2004, Plaintiff was placed on Leave Without Pay due to a "job injury," that occurred in April 2004. *Id.* On December 6, 2004, Defendants[3] sent Plaintiff a letter stating that "it had been determined that [he] had abandoned [his] position." *Id.* Plaintiff responded on December 10, 2004, asking Defendants to find a suitable position for him "in light of [his] current physical disabilities and medical conditions." *Id.* Plaintiff alleges that, rather than accommodate him, Plaintiff was asked to submit a medical status update every three to four months. *Id.* at 2-3.

On January 9, 2006, Plaintiff received a letter from Defendants asking whether he intended to return to work, and if not, to provide information related to his medical condition. *Id.* at 3. Plaintiff faxed "medical documentation" to the Director of Human Resources on January 24, 2006, along with a request to return to active duty status and a "request for reasonable accommodation to enable [him] to return to work in a light duty status." *Id.* In February 2006, Plaintiff was informed that there were no positions available that would allow him to work with

---

[2] Plaintiff failed to include separately numbered paragraphs in his Complaint. The Court shall therefore cite to the Complaint's page numbers.

[3] Plaintiff uses the identifier "Respondent," in his Complaint, which has named six Defendants. Because it is unclear whether Plaintiff intended to use that term to refer to the District of Columbia or to a particular Defendant, the Court shall use the term "Defendants" throughout this Memorandum Opinion.

his particular medical restrictions.  *Id.*  Plaintiff was terminated effective March 13, 2006.  *Id.*

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination on April 4, 2006.  *Id.* at 5.  In that Charge, Plaintiff asserts that he "was discriminated against because of [his] disabilities and denied reasonable accommodation, in violation of the Americans with Disabilities Act of 1990."  Defs.' Mot., Ex. 1 (4/4/06 EEOC Charge).  The EEOC investigated the charges and was "unable to conclude that the information obtained establishes violations" of Title VII or the ADA.  Compl., Ex. 1 (4/18/07 Dismissal and Notice of Rights Letter).  The EEOC issued a "right to sue" letter to Plaintiff on April 18, 2007. Compl. at 5.

Plaintiff filed a Complaint in this case on July 19, 2007, raising claims of discrimination under Title VII on the basis of age, race, gender, and disability, and denial of reasonable accommodations under the ADA.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged.").

Where, as here, an action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (D.C. Cir. 1999).  *See also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).  The District of Columbia Circuit has instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment.  *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)).  The Court is nevertheless mindful that "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. DISCUSSION

Defendants' Motion is based on five legal arguments that the Court shall consider in turn. First, Defendants argue that Plaintiff failed to exhaust his claims under Title VII as to age, race, or gender discrimination. *See* Defs.' Mot. at 4. Defendants are correct. Plaintiff's Charge of Discrimination only identified "disability" as the basis for the alleged discrimination, and it specifically alleged that Plaintiff "was discriminated against because of [his] disabilities and denied reasonable accommodation." Def.'s Mot., Ex. 1 at 1 (4/4/06 Charge of Discrimination). Plaintiff's Opposition does not argue otherwise, stating only that Plaintiff exhausted his administrative remedies in the sense that he completed the administrative process, but not that he raised age, race, or gender discrimination at any point prior to filing the present suit. *See* Pl.'s Opp'n at 2. Plaintiffs must exhaust their Title VII claims prior to raising them for the first time in a lawsuit, and the law in this Circuit is clear that an allegation as to one type of discrimination does not exhaust all administrative remedies as to another type of alleged discrimination. *See Siegel v. Kreps*, 654 F.2d 773, 776 (D.C. Cir. 1981) (affirming district court's dismissal of the plaintiff's religious discrimination claim because it was raised for the first time in his civil action and was not subject to administrative exhaustion); *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35-36 (D.D.C. 2008) (dismissing the plaintiff's national origin discrimination claim because the plaintiff only identified race discrimination and retaliation in his EEOC complaint); *Brown v. District of Columbia*, 251 F. Supp. 2d 152, 162 (D.D.C. 2003) (holding that the plaintiff failed to exhaust her administrative remedies with respect to gender discrimination and retaliation claims where she had only asserted discrimination based on race and disability in her EEOC complaint). Accordingly, the Court shall dismiss Plaintiff's discrimination claims based on age, race, and

gender.⁴

Second, Defendants argue that Plaintiff failed to file his claims within the statutorily mandated 90-day period after being notified of his right to sue because the EEOC's "right to sue" letter was dated April 18, 2007, and this lawsuit was not filed until July 19, 2007 (i.e., 92 days later). *See* Defs.' Mot. at 5-6. Defendants' argument lacks merit. The D.C. Circuit has explained that "Title VII plaintiffs need not include the date of receipt of a right-to-sue letter in their complaints. In the event that a date is not pleaded, the Supreme Court has applied the '3-day' rule of Fed. R. Civ. P. 6(e) to presume that the letter is received three days after it is mailed." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998). Here, Plaintiff pled only that the EEOC *issued* its right to sue letter on April 18, 2007, but does not indicate when he received it.⁵ Applying a 3-day rule and assuming he received it on April 21, 2007, Plaintiff is deemed to have timely filed his Complaint 89 days later.⁶ Accordingly, the Court shall deny Defendants' Motion to Dismiss on this basis.

Third, Defendants argue that Plaintiff's Complaint should be dismissed because he failed to state a prima facie case of discrimination under Title VII or the ADA, citing *McDonnell*

---

⁴ With this holding, Plaintiff has two remaining claims: one Title VII claim for discrimination on the basis of his alleged disability, and one ADA claim for denial of reasonable accommodations.

⁵ Defendants incorrectly argue that "Plaintiff avers in his complaint that he was notified by the EEOC on April 18, 2007 of his right to sue." Defs.' Mot. at 5-6. On the contrary, Plaintiff alleged in his Complaint that "[o]n April 18[,] 2007[,] [the] EEOC granted me the permission to sue." Compl. at 5.

⁶ Plaintiff's Opposition alleges that he "received" the EEOC's "right to sue" letter on April 24, 2007. The Court need not credit this allegation to deny Defendant's Motion to Dismiss, for the reasons set forth in the text above.

*Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See* Defs.' Mot. at 6. Defendants' argument fails for several reasons. First, a court may not dismiss a claim of discrimination under Title VII or the ADA on a motion to dismiss for failure to plead the prima facie elements of the claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) ("[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"). *See also Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case"). Second, Defendants have asserted a legitimate, non-discriminatory reason for their conduct. *See* Defs.' Mot. at 7 ("the [Office of the Chief Financial Officer's] legitimate nondiscriminatory reason for [Plaintiff's] termination [was] that there were no positions [that] could accommodate his medical condition.") Where a defendant asserts a legitimate, non-discriminatory reason justifying its conduct, the prima facie case is "irrelevant." *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008). Finally, the D.C. Circuit has held that application of the *McDonnell Douglas* burden-shifting framework, which focuses on whether a plaintiff has established a prima facie case, is "*not* appropriate . . . when the claim is that the employer failed to provide a reasonable accommodation . . . [because] [s]uch a claim 'has its own specialized standards.'" *Bonieskie v. Mukasey*, 540 F. Supp. 2d 190, 196 (D.D.C. 2008) (quoting *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc)). Accordingly, the Court shall deny Defendants' Motion to Dismiss on this basis.

Fourth, Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff has brought suit against Defendants in their individual, rather than official, capacities. *See* Defs.' Mot. at 7. Defendants are correct that Plaintiff should have filed suit against the District of

Columbia or Mayor Fenty in his official capacity. *See Sindram v. Kelley*, 2008 U.S. Dist. LEXIS 61661 at *9-*10 ("D.D.C. Aug. 13, 2008) ("Title II of the ADA does not permit lawsuits against individuals"); *Johnson v. Veneman*, 2008 U.S. Dist. LEXIS 59205 at *24-*25 (D.D.C. Aug. 6, 2008) ("[t]he proper defendant in a civil employment discrimination action is 'the head of the department, agency, or unit, as appropriate'") (quoting 42 U.S.C. § 2000e-16(c)). As a *pro se* Plaintiff, however, such a mistake does not provide grounds for dismissal. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the complaint submitted by a *pro se* plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers"). Instead, the Court shall construe Plaintiff's Complaint as alleging claims against Mayor Fenty, in his official capacity, and shall dismiss the other named Defendants as "redundant and an inefficient use of judicial resources." *Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33 (D.D.C. 2008). This, in fact, is consistent with the Plaintiff's Opposition wherein he acknowledges that "even if the defendants cannot be sued [in there] individual capacities, [his complaint] should be viewed as a claim against the District of Columbia itself." Pl.'s Opp'n at 6. The Court shall otherwise deny Defendants' Motion to Dismiss on this basis.[7]

Fifth, Defendants argue that Plaintiff's Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8(a)(2) (requiring a "short and plain statement of

---

[7] The Court notes that Morris Winn, an individually-named Defendant, is not represented by counsel in this case and did not file a response. Defendants' Motion explains that Mr. Winn was the Human Resources Director employed by the District of Columbia at the time of the acts alleged in Plaintiff's Complaint, but he was no longer employed in that position when Plaintiff attempted service. *See* Def.'s Mot., Ex. 7. Although service may not have been properly effected, given the Court's dismissal of all individually-named Defendants other than Mayor Fenty, the Court need not pursue this inquiry further.

the claim") and 8(d)(1) (requiring allegations to be "simple, concise, and direct").[8] The Court disagrees. A fair reading of Plaintiff's Complaint, particularly when read in the light most favorable to him, reveals that he has adequately set forth the basis for his claims, including specific references to interactions with Defendants and documents related to the same. Although Plaintiff does not include substantial details regarding the same, he is not required to do so under the notice pleading standards of Rule 8(a)(2), and whether or not he may ultimately prevail on his claims "is not properly determined at this stage of the litigation." *Di Lella v. Univ. of the Dist. of Colum. David A. Clarke Sch. of Law*, 2008 U.S. Dist. LEXIS 59143 at *18 (D.D.C. Aug. 5, 2008) (denying the defendant's Motion to Dismiss a *pro se* plaintiff's failure to accommodate claim, even though plaintiff's complaint was not a model of drafting precision). Similarly, although Defendants are confused by "the last paragraph on the third page [that] attempts to outline several statutes cited in the complaint and define terms in those statutes," Def.'s Mot. at 8, the claims that Plaintiff is advancing are easily understood. Accordingly, the Court shall deny Defendants' Motion to Dismiss based on Rules 8(a)(2) and 8(d)(1).

## IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT-IN-PART Defendants' Motion to Dismiss as to Plaintiff's age, race, and gender discrimination claims, and shall DENY-IN-PART Defendants' Motion to Dismiss as to Plaintiff's disability discrimination claim brought under Title VII and failure to accommodate claim brought under the ADA. All Defendants shall be dismissed from this action except for Mayor Fenty, who shall be deemed sued in his official

---

[8] Defendants' Motion mistakenly cites to Rule 8(e)(1) which does not exist. Federal Rule of Civil Procedure 8(e), however, states that "[p]leadings must be construed as to do justice." Fed. R. Civ. P. 8(e).

capacity.  An appropriate Order accompanies this Memorandum Opinion.

Date: September 29, 2008

                                             /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge