## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEONARD I. HOWARD,

    Plaintiff,

       v.

VINCENT C. GRAY,

    Defendant.

**Civil Action No. 07-1291 (CKK)**

## MEMORANDUM OPINION
(December 3, 2012)

Plaintiff Leonard Howard filed suit against Vincent Gray, in his official capacity as the Mayor of the District of Columbia, alleging Howard was denied a reasonable accommodation of and wrongfully terminated from his position as a Financial Manager for the District of Columbia based on his physical disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*  Presently before the Court is the Defendant's [53] Motion *in Limine*, and the Plaintiff's objections to the Defendant's exhibits and witnesses.[1]  Upon consideration of the pleadings,[2] the relevant legal authorities, and the record before the Court, the Defendant's motion is GRANTED IN PART and DENIED IN PART, and the Plaintiff's objections sustained in part and overruled in part as set forth below.

---

[1]  The Court shall address the Defendant's objections to the Plaintiff's proposed exhibits and witnesses with the parties during the pretrial hearing on December 10, 2012.

[2]  *See* Def.'s Mot. *in Limine*, ECF No. [53]; Pl.'s Opp'n, ECF No. [54]; Def.'s Reply, ECF No. [55]; Jt. Pretrial Stmt., ECF No. [57].

# I. DISCUSSION

In his motion, the Defendant moves to exclude five categories of evidence/argument: (1) evidence or arguments relating to Plaintiff's claims prior to January 2006; (2) evidence or arguments regarding disabilities not pled in the Complaint; (3) expert testimony from Dr. Higgins and Dr. Menon; (4) evidence or argument to the effect that the Defendant retaliated against the Plaintiff by opposing his request for temporary disability benefits; and (5) evidence or argument to the effect that the Defendant retaliated against the Plaintiff by opposing his request for disability retirement benefits.   The Defendant further moves to admit evidence that the Plaintiff is receiving total temporary disability benefits.   The Court shall address each category of evidence in turn.

  A.      *Evidence Relating to Plaintiff's Claims Before January 2006*

Initially, the Defendant moves to preclude the Plaintiff from introducing evidence regarding Plaintiff's now-dismissed claim that he was denied a reasonable accommodation of his disability between April 7, 2004 and December 2005.   The Court agrees that Plaintiff cannot argue the Defendant is liable for failing to accommodate the Plaintiff's purported disability prior to January 2006 in light of the Court's 10/20/2011 Order, ECF No. [45], granting the Defendant's motion to dismiss those very claims.   However, evidence regarding the Plaintiff's physical capacity and interactions with the Defendant prior to January 2006 is relevant to the Plaintiff's remaining claim.   Evidence regarding the Plaintiff's age, race, and gender discrimination claims has no apparent relevance, and thus the Plaintiff cannot seek to admit any evidence relating to these claims without first identifying the legal theory under which the evidence would be admissible.   *See* 9/29/2008 Order, ECF No. [6] (dismissing Plaintiff's age, race, and gender discrimination claims).

B.      *Evidence Regarding Disabilities Not Pled in the First Amended Complaint*

Second, the Defendant moves to exclude any evidence regarding the Plaintiff's disabilities beyond that alleged in the First Amended Complaint, namely, "pain in his knees and shoulders," and temporary numbness in his hands.   The Plaintiff contends that there is no heightened pleading requirement for ADA/Rehabilitation Act claims, and that he is entitled to introduce evidence regarding additional disabilities brought out during discovery.   The Court lacks sufficient information in the present record to rule on the Defendant's motion.   Therefore, the Court will deny this aspect of the Defendant's motion without prejudice, and instruct the parties to file additional pleadings on this issue.

C.      *Plaintiff's Proposed Expert Testimony*

Third, the Defendant moves to exclude testimony from two of the Plaintiff's treating physicians, Dr. David Higgins and Dr. Roji Menon, on the grounds the Plaintiff failed to provide expert witness disclosures for the witnesses.   The Plaintiff indicated that these witnesses will not provide expert testimony, but rather provide opinions regarding the Plaintiff's "medical condition and prognosis."   Def.'s Opp'n at 2.

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Fed. R. Civ. P. 26(a) Advisory Comm.'s Notes (1993 Amendment).   However, "[w]ithout an expert report, a treating physician may not testify as to issues of causation, foreseeability,

prognosis, and permanency." *Bynum v. MVM, Inc.*, 241 F.R.D. 52, 53 (D.D.C. 2007) (citations omitted).

With this framework in mind, the Defendant's objection to Dr. Roji Menon is misplaced. The parties' Joint Pretrial Statement indicates Dr. Menon may testify "regarding plaintiff's medical condition and treatment." Jt. Pretial Stmt. at 9.  Since Dr. Menon's testimony will be based only on his personal observations while treating the Plaintiff, no expert disclosure was necessary.  In terms of Dr. Higgins, the Joint Pretrial Statement is more vague as to the scope of Dr. Higgins' proposed testimony.  The Plaintiff stated that Dr. Higgins will testify "to the nature and extent of the plaintiff's injuries resulting from the fall, his treatment and ability to return to work." *Id.* at 8.  To the extent Dr. Higgins intends to testify regarding his treatment of the Plaintiff based on his personal observations, the Plaintiff was not required to designate Dr. Higgins as an expert.  However, Dr. Higgins may not offer opinions regarding the Plaintiff's prognosis in the future, or offer any opinions based on information not learned from his actual treatment of the Plaintiff.  *Bynum*, 241 F.R.D. at 53; 8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2031.1 (3d ed. 2012).

> **D.** *Retaliation by Opposing Plaintiff's Application for Temporary Disability Benefits*

Fourth, the Defendant seeks to exclude evidence or argument that the Defendant retaliated against the Plaintiff by opposing his request for temporary disability benefits from the District of Columbia's Worker's Compensation Program.  The Plaintiff indicated that he "does not intend to put on evidence in support of any [claim of retaliation]."  Pl.'s Opp'n at 2. Accordingly, the Plaintiff shall be precluded from introducing any evidence or argument to the effect that the Defendant retaliated against the Plaintiff by opposing the Plaintiff's application for temporary disability benefits.

E.      *Retaliation by Opposing the Plaintiff's Disability Retirement Application*

Fifth, the Defendant moves to exclude evidence or argument that the Defendant retaliated against the Plaintiff by opposing his application for disability retirement benefits.  The Plaintiff did not respond to the Defendant's argument on this point, but as the Plaintiff noted in response to the Defendant's fourth contention, there are no retaliation claims at issue in this case. Therefore, the Plaintiff may not introduce any evidence or argument to the effect that the Defendant retaliated against the Plaintiff by opposing the Plaintiff's application for disability retirement benefits.

F.      *Evidence of Plaintiff's Disability Benefits*

The Defendant moves *in limine* to admit evidence that the Plaintiff continues to receive total temporary disability benefits.   Specifically, the Defendant seeks to admit three administrative decisions relating to the Plaintiff's application for disability benefits on the grounds that they are relevant to the question of whether or not the Plaintiff was an "otherwise qualified individual" when he sought to return to work in January 2006.  The Plaintiff opposes the Defendant's motion, and separately objects to Defendant's Exhibits 4-7 and the testimony of Defendant's corporate designee, all of which relate to the issue of Plaintiff's disability benefits.

The Court agrees that statements made by a plaintiff in support of claims for disability benefits may be relevant to subsequent ADA and/or Rehabilitation Act claims, even if the receipt of benefits does not legally bar the plaintiff's claim.  *Swanks v. Wash. Metro. Area Transit Auth.*, 116 F.3d 582, 587 (D.C. Cir. 1997).  Moreover, any backpay the Plaintiff may recover may be offset to account for the disability benefits so as to eliminate any double recovery.  *Id.*; *McLean v. Runyon*, 222 F.3d 1150, 1155-56 (9th Cir. 2000).  Thus, generally speaking, the Defendant is permitted to elicit testimony and make arguments concerning the fact that the Plaintiff has

received total temporary disability benefits to support the Defendant's position that the Plaintiff was not an otherwise qualified individual during the relevant time period.  However, this general principle does not support wholesale admission of the evidence and testimony on this issue proposed by the Defendant in the Joint Pretrial Statement.

Defendant's Exhibit 5 is the August 27, 2008 Administrative Law Judge decision regarding the Plaintiff's application for total temporary disability benefits.  However, the evidence and testimony presented by the Plaintiff during the administrative proceeding and credited by the ALJ is entirely consistent with the Plaintiff's claims here—that he was able to return to work with certain accommodations in January 2006.  *E.g.*, Def.'s Ex. 5 at 9 ("The weight of the evidence of record indicates that [the Plaintiff] was temporarily totally disabled from April 9, 200[4] until January 20, 2006, when he became temporary [sic] partially disabled.").  The ALJ's decision does not appear to include any statements by the Plaintiff or any witnesses testifying on his behalf that are contrary to or inconsistent with the Plaintiff's allegation that he was an "otherwise qualified individual" as of January 20, 2006.  The District of Columbia appealed the ALJ's August 2008 decision to the Compensation Review Board, which vacated and remanded the decision on the grounds that the ALJ relied on evidence outside the record in reaching the initial decision.  Def.'s Ex. 6 at 2.  This decision has even less relevance to the current case than the August 2008 ALJ decision in that it only addresses a technical defect in the ALJ's August 2008 decision, rather than the substantive question of if and when the Plaintiff was disabled.  Defendant's Exhibit 7, the August 6, 2009 decision upon remand by the ALJ, is in all relevant respects identical to Defendant's Exhibit 5.  Defendant's Exhibit 4 appears to be a spreadsheet of payments to the Plaintiff, presumably reflecting his total temporary disability benefits.

Because the Plaintiff does not appear to have made representations inconsistent with his current claims during the administrative process to receive disability benefits, it would be unduly confusing and distracting to the Jury to admit Defendant's Exhibits 5-7 altogether.   The Defendant may introduce the August 2009 ALJ decision (Exhibit 7) for the purpose of establishing that the Plaintiff receives the benefits in question.   However, the Defendant may not introduce the substance of that, or any other decision issued as part of the administrative disability claim process unless the Defendant identifies the relevance of the particular statements to be introduced.   Moreover, the Defendant may not introduce the amount of any benefits received by the Defendant, including Exhibit 4, as the set-off of backpay is an issue within the Court's discretion.  *Swanks*, 116 F.2d at 587; *McLean*, 222 F.3d at 1155-56 & n.7.

Apart from Defendant's Exhibits 4-7, the Plaintiff's only remaining objection is to the proposed testimony of the Defendant's "corporate designee."   The Joint Pretrial Statement indicates the Defendant intends to call a corporate designee to testify regarding: (1) "the District's response to plaintiff's claim for disability and workman's compensation [and] the subsequent proceedings"; and (2) disability payments made to the plaintiff by the Defendant.  Jt. Pretrial Stmt. at 11.  It would appear that to some extent the corporate designee was going to be called in response to any claim of retaliation the Plaintiff might raise in the context of his applications for disability benefits and retirement.  *See supra*, Section A.4-5.  Such testimony is no longer relevant at the point the Plaintiff conceded he may not raise any retaliation claims during trial.  As to the remainder of the designee's proposed testimony, such testimony must conform to the Court's ruling *supra* regarding the admissibility of evidence and argument regarding the Plaintiff's total temporary disability benefits—that is, the testimony must reflect specific statements or claims presented in support of the Plaintiff's claims that are contrary to or

inconsistent with the Plaintiff's assertion that he was an "otherwise qualified individual" when he sought an accommodation in January 2006.  The Defendant may not present any testimony regarding the amount of benefits the Defendant has or continues to receive at this stage of the proceedings.

## II.  CONCLUSION

For the foregoing reasons, the Defendant's motion in limine, and the Plaintiff's objections to the Defendant's Exhibits 4-7 and testimony of the corporate designee are both granted in part and denied in part.  The Plaintiff may admit evidence regarding his physical condition and interactions with his employer prior to January 2006, but may not allege that the Defendant is liable for any claims prior to January 2006.  The parties shall adhere to the briefing schedule in the accompanying Order regarding the scope of the disability the Plaintiff will allege at trial vis a vis the First Amended Complaint.  The Plaintiff's treating physicians may testify from personal knowledge regarding the Plaintiff's injuries, but may not offer any opinions regarding the Plaintiff's prognosis or any opinions based on information not learned from actual treatment of the Plaintiff.  The Plaintiff shall be precluded from arguing that the Defendant retaliated against him insofar as the Defendant opposed his applications for total temporary disability benefits and disability retirement benefits.  Finally, the Defendant may present evidence regarding the Plaintiff's receipt of total temporary disability benefits as set forth *supra*.

An appropriate Order accompanies this Memorandum Opinion.

_/s/_ _____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE