**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEONARD I. HOWARD,

    Plaintiff,

       v.

                           **Civil Action No. 07-1291 (CKK)**

VINCENT C. GRAY,

    Defendant.

**MEMORANDUM OPINION**
(April 14, 2013)

During the initial pretrial conference, the Court resolved a number of the parties' objections to proposed witnesses and exhibits, and ordered additional briefing regarding certain discrete issues. Presently before the Court are three motions *in limine*, two filed by the Defendant and one by the Plaintiff. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as whole, the Defendant's [66] Motion *in Limine* to Exclude Testimony from Dr. Robert Gordon and Plaintiff's Exhibit 11 is GRANTED, the Plaintiff's [67] Motion *in Limine* is DENIED, and the Defendant's [70] Second Motion *in Limine* is GRANTED. The Court shall address the parties' objections to the proposed jury instructions under separate cover.

---

[1] The Court's decision is based on the record as a whole, but the Court's analysis has focused on the following submissions, listed in chronological order: Jt. Pretrial Stmt., ECF No. [57]; Pl.'s Suppl. Pretrial Stmt., ECF No. [65]; Def.'s Mot. to Excl. Testimony ("Def.'s First Mot."), ECF No. [66]; Pl.'s Mot., ECF No. [67]; Pl.'s Ex. 28 Proffer, ECF No. [68]; Def.'s Opp'n to Pl.'s Mot., ECF No. [69]; Def.'s Second Mot., ECF No. [70]; Pl.'s Opp'n to Def.'s Second Mot., ECF No. [72]; Pl.'s Reply, ECF No. [73]; Pl.'s Opp'n to Def.'s First Mot., ECF No. [75]; Def.'s Reply in Support of His First Mot., ECF No. [78]; and Def.'s Reply in Support of His Second Mot., ECF No. [80].

## I. BACKGROUND

The factual allegations and legal claims at issue in the case are set forth fully in the October 20, 2011 Memorandum Opinion granting in part and denying in part the Defendant's motion for summary judgment.  10/20/11 Mem. Op., ECF No. [46].  In short, the Plaintiff is a former Financial Manager in the Office of the Chief Financial Officer for the District of Columbia.  *Id.* at 2.  The Plaintiff purportedly injured himself in April 2004 when he fell while attempting to sit down in his chair at work.  *Id.*  Following the accident, the Plaintiff did not return to work, and was eventually placed on leave without pay status after exhausting his annual and sick leave.  *Id.* at 3.  The Plaintiff applied for disability retirement benefits, but his application was denied in November 2005, and the Plaintiff subsequently asked to return to work with certain accommodations.  *Id.* at 4.  The parties disagree as to what transpired following the Plaintiff's request in January 2006, but it is undisputed that the Plaintiff did not return to work and was terminated effective March 13, 2006.  *Id.* at 4-5.  The parties are proceeding to trial on the Plaintiff's claims that (1) he was denied a reasonable accommodation for his disabilities when he sought to return to work in January 2006, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) he was terminated and precluded from further employment with the District on the basis of his disability in violation of the ADA and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*

## II. DISCUSSION

A.    *Defendant's Motion in Limine to Exclude Testimony from Dr. Robert Gordon & Plaintiff's Exhibit 11*

Dr. Robert Gordon conducted an independent medical examination of the Plaintiff in connection with the Plaintiff's claim for disability retirement benefits.  The Plaintiff seeks to call Dr. Gordon as a witness and to introduce the report Dr. Gordon completed regarding his

2

examination of the Plaintiff (Plaintiff's Exhibit 11) during trial.  The Defendant moves to exclude Dr. Gordon's testimony and Plaintiff's Exhibit 11 on the grounds the Plaintiff did not identify Dr. Gordon as an expert witness or provide an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2).  The Defendant further contends that Dr. Gordon is not competent to testify as a fact witness.

Pursuant to Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence [702]."  If an expert witness is "retained or specially employed to provide expert testimony in the case," the witness must also provide a report including the information set forth in Rule 26(a)(2)(B). Witnesses not retained to provide expert testimony in the case are not required to submit a report, but must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence [702]," and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

There is no dispute that the Plaintiff did not disclose Dr. Gordon as a potential expert witness as required by Rule 26(a)(2)(A).  The notice requirement of Rule 26(a)(2)(A) applies to *any* witness the Plaintiff (or the Defendant) may call to provide expert opinions under Federal Rule of Evidence 702.  *Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 3 (D.D.C. 2011) ("Irrespective of whether an expert report must be prepared, the Federal Rules of Civil Procedure require parties to "disclose ... the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.") (quoting Fed. R. Civ. P. 26(a)(2)(A)).  Whether or not the witness was retained for purposes of a particular case governs the scope of the required disclosure, but the fact that the Plaintiff did not retain Dr. Gordon did

not absolve him of the obligation to disclose Dr. Gordon as an expert to the extent he intends to elicit expert opinions from Dr. Gordon.

The Plaintiff argues that Dr. Gordon "has 'personal knowledge' based on his prior examination of the plaintiff and [should] be allowed to testify [as] to what he has seen, and describe and explain [his] diagnosis."  Pl.'s Opp'n to Def.'s First Mot. ¶ 5.  However, "a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 n.2 (7th Cir. 2004).   The opinions Dr. Gordon formed "relating to the plaintiff's physical condition and ability to return to work," Pl.'s Opp'n to Def.'s First Mot. ¶ 2, are undeniably based on his specialized knowledge as a physician.  The Plaintiff intends to call Dr. Gordon to offer expert opinions within the meaning of Federal Rule of Evidence 702, and thus was required to disclose Dr. Gordon as an expert under Rule 26(a)(2)(A). *Musser*, 356 F.3d at 756-58; *see Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 n.3 (6th Cir. 2007).

"The exclusion of non-disclosed evidence is automatic and mandatory under [Federal Rule of Civil Procedure 37(c)(1) unless non-disclosure was justified or harmless." *Musser*, 356 F.3d at 358.  The Plaintiff offers no explanation for failing to comply with Rule 26(a)(2)(A). Nor does any confusion as to the disclosure requirement for witnesses like Dr. Gordon excuse his failure to comply with Rule 26(a)(2)(A). *Id.* ("A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline.").  The Plaintiff in essence argues that any error was harmless because "Dr. Gordon at the time was hired by a District of Columbia government agency who obviously had the opportunity to obtain any

information they desire from him at the time." Pl.'s Opp'n to Def.'s First Mot. at 1 n.1. The fact that Dr. Gordon was employed by the District in 2005—long before this litigation was contemplated—does not render harmless the Plaintiff's failure to disclose Dr. Gordon as an expert in this case. The failure precluded the Defendant from designating a rebuttal expert, deposing Dr. Gordon, or employing one of any number of "countermeasures that could have been taken that are not applicable to fact witnesses." *Musser*, 356 F.3d at 757-58. Therefore, the Court shall exclude Dr. Gordon's testimony and Plaintiff's Exhibit 11.

B.      *Plaintiff's Motion in Limine*

The Plaintiff moves *in limine* to admit deposition testimony of Mohamed Mohamed and Natalie Mayers. Mohamed Mohamed is the former Director of Financial Operations for the Office of the Chief Financial Officer, and served as the Plaintiff's supervisor. Jt. Pretrial Stmt. at 8. Natalie Mayers is a former Chief Management Officer with the Office of the Chief Financial Officer. *Id.* at 11. Both parties have indicated they expect to call both individuals as witnesses, but the Plaintiff also seeks to introduce certain portions of their depositions as substantive evidence at trial. Federal Rule of Civil Procedure 32 provides that "all or part of a deposition may be used against a party [at trial] on these conditions":

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). The parties do not dispute that conditions (A) and (B) are satisfied with respect to the depositions of Mr. Mohamed and Ms. Mayers. Rather, the Defendant argues that the Plaintiff failed to show that use of the deposition testimony is allowed by Rule 32(a)(2)

through (8).  The Plaintiff in turn argues that the Defendant "failed to indicate which subsection of Rule 32(a)(2) through (8) would preclude the use of the designate depositions excerpts."  Pl.'s Reply ¶ 2.

The Plaintiff's response reverses the proper inquiry under Rule 32(a).  Under the Plaintiff's argument, deposition designations are *admissible* unless precluded by a provision of Rule 32(a).  To the contrary, Rule 32(a) articulates a framework under which deposition designations are *inadmissible* unless *permitted* by Rule 32(a).  Rule 32(a) establishes a three-part inquiry.  First, the party seeking to introduce the deposition designations must show that (A) the party against whom the deposition is being used was present or represented at the deposition or had reasonable notice of it; and (B) that the deposition is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying.  Fed. R. Civ. P. 32(a)(1)(A)-(B).  If both conditions are met, the party seeking to use the deposition testimony must demonstrate that use of the deposition is permitted by Rule 32(a)(2)-(4).  If the use of the deposition is permitted through one of those sections, then the party must further show that use of the deposition is not barred by the limitations in Rule 32(a)(5)-(8).

In this case, the Plaintiff's motion falls short on the second step.  The Plaintiff does not even attempt to argue that he intends to introduce the deposition designations for impeachment or other purposes under the Federal Rules of Evidence (Rule 32(a)(2)), that Mr. Mohamed or Ms. Mayers were officers, directors, or managing agents of a party to the suit (Rule 32(a)(3)), or that either witness is unavailable (Rule 32(a)(4)).  Absent a showing as to how the use of the deposition designations is permitted by Rule 32(a)(2)-(8), the Plaintiff failed to satisfy the third requirement for use of deposition excerpts at trial.  Therefore, the Plaintiff's motion is denied.

C.       *Defendant's Second Motion in Limine*

The Defendant also moves *in limine* to exclude Plaintiff's Exhibits 17 and 28.   *See generally* Def.'s Second Mot.   Exhibit 17 is a "Clearance and Signature Request" for the Chief Financial Officer, recommending the Plaintiff be terminated.   The document contains hand-written notes from Daryl Miller, Associate General Counsel for the Office of the Chief Financial Officer.   The Plaintiff purportedly obtained the document when he requested a copy of his personnel file from the District of Columbia Department of Human Resources in March 2012. Pl.'s Opp'n, ECF No. [72], ¶ 3.   The Defendant objects to the admission of Exhibit 17 on the grounds that it is cumulative of live testimony, contains hearsay statements, contains attorney-client privilege and work-product privileged information, and was not produced in discovery by either party.   Def.'s Second Mot. ¶¶ 2-6; *id.* at ¶ 5 (incorporating original objections set forth in Def.'s Objs. to Jt. Pretrial Stmt., ECF No. [57-2], at 2).   The Defendant's final objection is dispositive.

As set forth above, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under [Federal Rule of Civil Procedure 37(c)(1) unless non-disclosure was justified or harmless." *Musser*, 356 F.3d at 358.   The Plaintiff offered no explanation to justify his failure to produce this document during discovery.   Moreover, the Plaintiff's untimely production of the document creates a significant risk of prejudice to the Defendant's ability to present an adequate defense at trial.   To the extent any claim of privilege was waived when the Department of Human Resources produced the document to the Plaintiff, if the Plaintiff would have produced the document during discovery, the Defendant would have had the opportunity to produce documents within the scope of the waiver, or otherwise conduct relevant discovery.   In other words, if the Defendant was on notice during discovery that another agency within the District

waived privilege as to a particular topic, the Defendant could have produced other relevant documents that it withheld in this case. On this record, the Plaintiff's failure to produce Exhibit 17 during discovery was neither substantially justified nor harmless. Therefore, the Court shall exclude Exhibit 17.

Exhibit 28 is an undated document entitled "D.C. Government Manual for Accommodating Employees with Disabilities," published by the District of Columbia Office of Disability Rights. In response to the initial objections raised by the Defendant, the Court ordered the Plaintiff to file a proffer of the foundational testimony he intends to offer, "including the date of the document and whether or not it applied to the Office of the Chief Financial Officer" during the relevant time frame. 12/11/12 Order, ECF No. [63], at 4. The Plaintiff's proffer does not identify the date of the document or whether the document itself ever applied to the Officer of the Chief Financial Officer at any time relevant to the Plaintiff's claims. Pl.'s Ex. 28 Proffer, ECF No. [68]. Rather, the Plaintiff simply asserts that witnesses including Hayden Demas[2] and Morris Winn "can testify and establish any differences with respect to any former guidelines and those in Exhibit 28. These same individuals can testify as to the applicability of the guidelines expressed in the Exhibit to the Office of the Chief Financial Officer." *Id.* at 1-2. Moreover, the Plaintiff does not dispute the Defendant's contention that the Office of Disability Rights did not exist until March 2007—nearly a year after the Plaintiff's termination. D.C. Code § 2-1431.03. The Plaintiff simply suggests that "[t]he foundation for admission of this Exhibit can be established by reference to a particular section at a time. Witnesses such as Mr. Winn can testify

---

[2] Because the Plaintiff failed to identify Mr. Demas as a potential witness during discovery, during the initial pretrial conference the Court ruled the Plaintiff could only call Mr. Demas as a witness on rebuttal, and must notify the Court and the Defendant in advance of his intent to call Mr. Demas.

as to whether or not it was applicable to the Office of the Chief Financial Officer (OCFO) at the relevant time." Pl.'s Opp'n to Def.'s Second Mot. ¶ 8.

The fundamental issue is that even if the Office of the Chief Financial Officer had any relevant guidelines in place during the time frame at issue---which the Plaintiff has proffered no evidence to suggest---the Plaintiff is not seeking to introduce *those guidelines*. Instead, the Plaintiff intends to introduce a manual (or portions thereof) promulgated at least a year after his termination. Unless the Plaintiff introduces testimony establishing that such guidelines not only existed, but existed in the format of Exhibit 28 at the relevant time, introducing the manual (or portions thereof) creates a significant risk of undue prejudice to the Defendant insofar as the Exhibit would create a false impression as to what guidelines were in effect and how they were presented to employees at the relevant time. On this record, the Court finds the risk of confusion and undue prejudice substantially outweighs the probative value of Exhibit 28. Therefore the Court shall exclude Exhibit 28.

### III.  CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motions *in limine* and denies the Plaintiff's motion. The Plaintiff failed to properly disclose Dr. Robert Gordon as an expert witness, therefore the Plaintiff is precluded from introducing the proposed expert testimony from Dr. Gordon as well as Plaintiff's Exhibit 11. The Plaintiff also failed to establish that use of certain deposition testimony of Mohamed Mohamed and Natalie Mayers is permitted under Federal Rule of Civil Procedure. The Plaintiff's untimely production of Exhibit 17 is neither substantially justified nor harmless, thus the exhibit shall be excluded. Finally, the risk of confusion and unfair prejudice substantially outweighs the probative value of Plaintiff's Exhibit 28. Accordingly, on the present record, the Defendant's [66] Motion in Limine to Exclude

Testimony from Dr. Robert Gordon and Plaintiff's Exhibit 11 is GRANTED, the Plaintiff's [67]

Motion in Limine is DENIED, and the Defendant's [70] Second Motion in Limine is

GRANTED.

An appropriate Order accompanies this Memorandum Opinion.


_____*/s/*_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE